CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 05 2011

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY DEAN BOONE, | CASE NO. 7:11CV00204 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| WARDEN, USP LEE COUNTY,[1] | By: Samuel G. Wilson |
| | United States District Judge |
| Respondent. | |

Gary Dean Boone, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he was wrongfully denied the right to confront certain evidence presented against him at trial. For the stated reasons, the court concludes that the petition must be summarily dismissed for lack of jurisdiction.

I

Boone was convicted June 2002 in the United States District Court for the District of South Carolina of maliciously damaging or destroying by means of explosive a vehicle used in interstate commerce in which death resulted, in violation of 18 U.S.C. § 844(i) in the death of a person, and was sentenced to life in prison. On appeal, Boone claimed that the district court erred by admitting statements made by the murder victim; the United States Court of Appeals for the Fourth Circuit affirmed his conviction, finding that any such error was harmless. United States v. Boone, 71 Fed. App'x 227, 229 (4th Cir. 2003) (unpublished),[2] cert. denied, 541 U.S. 953 (2004). The district court subsequently denied Boone's motion to vacate, set aside or correct

---

[1] As the Warden of the United States Penitentiary Lee County ("USP Lee County") is the person who has the petitioner in custody, the Warden is substituted as the respondent in this action. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

[2] The Court noted: "Given the substantial evidence supporting the conviction for bombing, we find the judgment was not substantially swayed by the error." Boone, 71 Fed. App'x at 229.

the sentence, pursuant to 28 U.S.C. § 2255, and his appeal from that judgment was dismissed. A previous § 2241 petition was construed as a successive § 2255 motion and dismissed.

## II

Under very limited circumstances, an inmate may challenge the legality of his conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241 in the district where he is confined. See § 2255(e);[3] In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). To do so, the petitioner must demonstrate that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. If the petitioner does not satisfy all three elements of the Jones rule, his § 2241 petition must be dismissed for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

In his § 2241 petition, Boone asserts that under Crawford v. Washington, 541 U.S. 36, 42 (2004), decided after his direct appeal concluded, the admission of the victim's statements is reversible error. This change in applicable law occurred before Boone filed his initial § 2255 motion and did not decriminalize the acts for which he stands convicted. Thus, Boone cannot

---

[3] Section 2255(e) provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255(e) (emphasis added).

2

satisfy the second prong of the Jones rule.[4] Because he cannot demonstrate all three necessary elements under Jones as necessary to establish this court's jurisdiction to address his claims under § 2241, his petition must be summarily dismissed.

### III

For the reasons stated, the court summarily dismisses Boone's petition for lack of jurisdiction. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the government.

ENTER: This 4th day of May, 2011.

United States District Judge

---

[4] In motions to amend his petition and supplement the record (ECF Nos. 31 and 33), Boone alleges ineffective assistance by appellate counsel in failing to present Crawford issues in a petition for a writ of certiorari and appellate court error in failing to appoint counsel to assist him with the certiorari petition. The court will grant the motions, but nevertheless finds no jurisdiction to address any of Boone's claims under § 2241.

3